## In re COLOCOTRONIS TANKER SECURITIES LITIGATION.

### No. 264.

Judicial Panel on Multidistrict Litigation.

Oct. 7, 1976.

### OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman,* and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,* STANLEY A. WEIGEL,* and ANDREW A. CAFFREY, Judges of the Panel.

### PER CURIAM.

This litigation involves six actions pending in three districts: three in the Southern District of New York, two in the Eastern District of Pennsylvania and one in the Southern District of Texas. These actions arise from the default on loans made by

---

* Although Judges WISDOM, LORD and WEIGEL were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

European-American Banking Corporation to a number of companies engaged in the charter-hire of oil tankers. Each company operated one tanker, and the companies were jointly managed by the Colocotronis family. The plaintiff in each action is a bank that extended funds as a participant in European-American's loans to the Colocotronis companies. Five of the six plaintiffs were involved in loans to two or more of the borrowers.

The actions basically allege that European-American violated various federal and state securities laws by false and misleading representations and omissions of material facts in connection with sales of the loan participations. In addition, each action charges European-American with common law fraud and breach of common law fiduciary duties allegedly owed to plaintiffs with regard to the participations. European-American is a defendant in all six actions and is the sole defendant in five of them. One of the New York actions also includes as a defendant Deutsche Bank, a German banking institution that owns approximately twenty percent of the stock of European-American.[1] This action alleges that Deutsche Bank conspired with and aided and abetted European-American in violating federal and state securities statutes and additionally seeks to hold Deutsche Bank liable by virtue of its alleged control over European-American.

Defendant European-American moves the Panel for an order transferring the Pennsylvania and Texas actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The only party opposing the motion is defendant Deutsche Bank. Should the Panel find that transfer is appropriate, however, this defendant favors the Southern District of New York as the transferee district.

We find that these actions raise common questions of fact and that their transfer to the Southern District of New York under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Defendant Deutsche Bank opposes the motion for the reason that the claims against it are unique and therefore should be kept separate from the rest of the litigation. Defendant also asserts that it intends to move for dismissal because the district court lacks in personam jurisdiction over it and that resolution of this threshold issue may be unduly delayed if it is required to participate in coordinated or consolidated pretrial proceedings.

These arguments are not persuasive. The actions in this litigation clearly involve common questions of fact, particularly regarding what European-American learned or should have learned through its credit analysis and investigation of the shipping companies that were part of the Colocotronis group. Thus, transfer under Section 1407 is necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, the witnesses and the judiciary. Moreover, because the action to which Deutsche Bank is a party would be pending in the transferee district regardless of the transfer we are herewith ordering, we believe that any allegedly unique issues relating to Deutsche Bank are more properly addressed to the transferee judge. The transferee judge, of course, has the broad discretion to design a pretrial program that will accommodate the needs of each party for any unique discovery or judicial attention concurrently with the conduct of common pretrial matters. *See In re Republic National-Realty Equities Securities Litigation,* 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit.1974).

No party questions the appropriateness of the Southern District of New York as the transferee forum for this litigation. We agree. Three of the six actions are already pending in that district, and the parties represent that many of the relevant documents and witnesses are located there.

---

1. This action also originally included another German bank as a defendant, Deutsche Schiffahrtsbank A. G., but that defendant has since been dismissed.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles H. Tenney for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions already pending there and listed on Schedule A.

## SCHEDULE A

### Southern District of New York

| | |
|---|---|
| United Virginia Bank v. European-American Banking Corporation, et al | Civil Action No. 76 Civ. 2137 (EW) |
| American National Bank & Trust of New Jersey v. European-American Banking | Civil Action No. 76 Civ. 2072 (CHT) |
| City National Bank of Detroit v. European-American Banking Corp. | Civil Action No. 76 Civ. 2202 (KTD) |

### Eastern District of Pennsylvania

| | |
|---|---|
| The Fidelity Bank v. European-American Banking Corporation | Civil Action No. 76–1543 |
| First Pennsylvania Bank N.A. v. European-American Banking Corp. | Civil Action No. 76–1548 |

### Southern District of Texas

| | |
|---|---|
| Texas Commerce Bank National Association v. European-American Banking Corporation | Civil Action No. 76–H–1058 |